PUETZ, Jr., *v.* BRANSFORD.

BRANSFORD *v.* PUETZ, Jr.

*(Circuit Court, E. D. Missouri, E. D.* September 30, 1887.)

1. PATENTS FOR INVENTIONS—ASSIGNMENT—JURISDICTION OF FEDERAL COURTS.
Plaintiff assigned to defendant one-third of the right to an invention. The patent-office divided the application for the patent into three applications for as many inventions. The question in issue was whether this subdivision of the claims divested defendant of his interest in one of the patents issued. *Held,* that this was a question purely of patent law of which the circuit court of the United States had jurisdiction.

2. SAME—SUIT FOR INFRINGEMENT—PLEADING.
In an action by plaintiff for infringement of a patent, a cross-bill by defendant, asking that plaintiff be compelled to assign to him a one-third interest in the invention to which he laid claim, is not germane to a defense. The matter should be made the subject of demurrer to the complaint, or other appropriate form of defense.

3. SAME—SUIT FOR INFRINGEMENT—FORMER ADJUDICATION.
In an action for an assignment of an interest in a patent, defendant pleaded a former suit in bar. Plaintiff claimed the former suit decided the question of an interest in the invention, and not the question of an interest in the patent. It appeared that in the former suit it was alleged in the bill, and denied in the answer, that plaintiff was "the sole and exclusive owner of the patent," and the decree was in terms to the same effect. *Held,* that the plea in bar was a good plea.

Motion for Rehearing and Plea in Bar. See 31 Fed. Rep. 458.
*Geo. H. Knight,* for Tillman Puetz.
*Paul Bakewell,* for George W. Bransford.

MILLER, Justice, *(orally.)* In this case the application for a rehearing in the matter of the decree on the cross-bill in the original suit has been considered by us, and I have myself particularly examined the pleadings with reference to the main ground urged for a rehearing, and that is that it is founded on a contract simply, (and not involving the patent laws of the United States, so as to give the circuit court jurisdiction without regard to citizenship.)

It is true that the cross-bill sets out that there was an assignment by the plaintiff in the original bill, to the defendant, of an interest in the invention before the patent issued. If it were simply a question on the validity of the contract, or on its enforcement as a contract, for an assignment of the invention, the objection might be good. But while the plaintiff in the cross-bill sets out the assignment of the interest in that invention to himself, the answer of the other party admits that assignment, and there is no issue at all on the question of the validity of the assignment, and of its being capable of enforcement, but the issue that was made is, and the question decided by the court is, that the application so made was for the invention which was assigned. The patent-office required it to be divided into two or three applications for as many different inventions, and the question that the court decided, and the only one on which testimony was taken, was whether this proceeding of the

patent-office divested the plaintiff of his right to one of the patents issued on that subdivision of the claims. That is a question purely of patent law, and one of which the circuit court of the United States has jurisdiction; and the question which he insists should divest the court, or which he insists was the one tried by the court, was not in issue at all. There was no denial of the contract; there was an admission of the assignment. The assignment stood as confessed upon the pleading, and that which was in issue was the decision of the patent-office upon that assignment.

As regards that matter we think very clearly that the decision is right; that there was no error. It was suggested by myself, in the course of the argument, that the matter of the cross-bill was not germane to the defense; and very possibly, if that matter had been taken up on demurrer, or in some appropriate form, I do not say it is probable, but it is possible, it might have been made effectual at that time. But as the matter did have something to do with the patent, with the invention, and with the machine, I would not be willing, on a suggestion made by the court, but not from the bar, at this time to reverse a decree finally entered and rendered on full consideration on a point not brought before the court, and which is of very doubtful propriety anyway, and which does not reach the merits.

For these reasons the application for the rehearing in the original case is overruled.

In an independent suit subsequently brought by Bransford, against the plaintiff in the original suit, for a decree praying an assignment of an interest in the original patent, the defendant has pleaded the former adjudication, and it is difficult to see why it is not a complete bar to this suit. The counsel for Bransford argued, with a good deal of force and ingenuity, (and I was rather struck with it at first,) that the matter that was decided in the former suit was a question of an interest in the invention, and not the question of an interest in the patent, and, if that had been so, I am not prepared to hold this plea good; but, when I came to look at the pleadings, it is perfectly plain it was an interest in the patent that was in issue and decided in the first case. The plaintiff in that case alleges in his bill, among other things, that he is the sole and exclusive owner of that patent, and of the rights conferred by it. The defendant denies that he is the sole and exclusive owner of that patent, and, after asserting that he had this assignment of the interest in the invention, he then repeats that he is interested in the patent; so that they raised, as distinctly as language could possibly make it, the question whether Puetz was the sole owner of that patent, —he having asserted that he was, and the other party having asserted that he was not,—and the decree in term says that he was the sole and exclusive owner of that patent, and on that ground gives a perpetual injunction against the claim of the defendant under that patent, and it is impossible not to hold that that was not an adjudication of the ownership of that patent; and therefore the plea to the bill setting up that Bransford was the owner is barred by the former adjudication, and is a good plea.